1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    R.N NEHUSHTAN TRUST LTD.,              Case No.  22-cv-01832-WHO

8                    Plaintiff,

9           v.                              **ORDER GRANTING MOTION FOR
                                            LEAVE TO SERVE THIRD AMENDED
10   APPLE INC.,                            INFRINGEMENT CONTENTIONS**

11                   Defendant.             Re: Dkt. Nos. 110, 111, 114, 118

12

13          Plaintiff R.N Nehushtan Trust Ltd. ("RNN Trust") has moved to amend its infringement

14   contentions for the third time, based on information that it represents it gleaned after reviewing

15   defendant Apple Inc. ("Apple")'s source code, receiving documents that helped it better

16   understand the source code, and conducting technical depositions.  Mot. [Dkt. No. 111] 2:3-17.

17   The motion is GRANTED.[1]

18          Patent Local Rule 3-6 allows for the amendment of infringement contentions by court

19   order "upon a timely showing of good cause."  "Non-exhaustive examples of circumstances that

20   may, absent undue prejudice to the non-moving party, support a finding of good cause" include

21   "[r]ecent discovery of nonpublic information about the accused instrumentality which was not

22   discovered, despite diligent efforts, before the service of the infringement contentions."  Patent

23   L.R. 3-6.

24          "The good cause inquiry is two-fold: (1) whether the moving party was diligent in

25   amending its contentions; and (2) whether the non-moving party would suffer prejudice if the

26

27   _____

[1] I granted the parties' stipulation to an expedited briefing schedule so that this motion could be
28   decided before the September 1, 2023, deadline for expert disclosures.  *See* Dkt. Nos. 95, 113.  No
     hearing was set, and this motion is suitable for disposition without oral argument pursuant to Civil
     Local Rule 7-1(b).

United States District Court
Northern District of California

1   motion to amend were granted." *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119-

2   HSG, 2018 WL 5619743, at *3 (N.D. Cal. Oct. 29, 2018) (citation omitted).  "Diligence is the

3   critical issue in the good cause determination" and consists of two subparts: "(1) diligence in

4   discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for

5   amendment has been discovered." *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-

6   00876-RS, 2016 WL 2855260, at *3 (N.D. Cal. May 13, 2016) (citations and quotations omitted).

7   The moving party bears the burden of establishing diligence, but the court has discretion to grant

8   leave to amend "even in the absence of diligence so long as there is no prejudice to the opposing

9   party." *Id.* (citations omitted).  Prejudice can be shown when there will be disruptions to the case

10  schedule or other court orders, or when a party changes its infringement theories or requires its

11  opposition to prepare additional defenses. *See Synchronoss Techs.*, 2018 WL 5619743, at *5; *see

12  also Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. CV-12-00630-LHK, 2012 WL 5632618, at *3

13  (N.D. Cal. Nov. 15, 2012).

14        There are two sets of proposed amendments at issue.  The first, and easiest to address, are

15  those that Apple does not contest.  These amendments largely add support (i.e., citations to

16  deposition transcripts, source code, and technical documents) or further clarify RNN Trust's

17  existing infringement contentions. *See, e.g.,* Mot., Ex. 19 at 2, 35, 146.  The uncontested

18  amendments are highlighted in green in Exhibits 19-24. *See* Mot. at 10:20-21, Exs. 19-24; *see*

19  *also* Oppo. at 6:24-7:24.  RNN Trust's request to make these amendments is GRANTED.

20        What remains are proposed amendments that fall generally into the following categories:

21  (1) those articulating a theory of literal infringement regarding Claim 5 of U.S. Patent No.

22  9,642,002 ("the '002 Patent"); and (2) those accusing the devices of infringing by way of: (a)

23  determining how much memory is available on a device for a software update; (b) collecting a

24  certain type of analytics; and (c) automatically updating apps on the device. *See, e.g.*, Mot., Ex.

25  19 at 2, 35-36, 147, 166; Ex. 22 at 1, 38-39, 155.[2]

26

27  [2] The proposed amendments in Exhibit 19 are representative of those in Exhibits 20 and 21. *See*
    *generally* Mot., Exs. 19-21.  These amendments relate to claim language in the '002 Patent and cut
28  across each of the three categories of accused devices: iPhones, iPads, and Apple Watches. *See id.*
    The proposed amendments in Exhibit 22 are representative of those in Exhibits 23 and 24, which

United States District Court
Northern District of California

1   RNN Trust contends that it did not discover the need to "further refine its infringement

2   theories" until it received nonpublic information from Apple: the source code, the technical

3   documents, and the technical depositions.  Mot. at 2:3-17.  At a high level, Apple argues that: (1)

4   RNN Trust was not diligent in discovering the basis for the proposed amendments, nor in seeking

5   them; and (2) the proposed amendments focus on different processes than those underlying RNN

6   Trust's claims, necessitating the reopening of fact discovery that would prejudice Apple.  *See*

7   Oppo. at 1:10-3:6.

8   RNN Trust was diligent in discovering the basis for its proposed amendments.  Although

9   Apple made its source code available to RNN Trust in September 2022, a review of the docket

10   shows that RNN Trust told Apple that it would wait to inspect the source code until after claim

11   construction.  *See* Oppo. at 11:16-19; *see also* Dkt. No. 61 at 5:9-13.  This makes sense given the

12   inherent complexity and sensitivity of source code, the amount of code made available, and the

13   strict parameters for reviewing it.  *See* Dkt. No. 53-1 at 2:9-3:19 (explaining modifications to

14   model protective order to protect the security of the source code at issue).

15   RNN Trust sent its expert to review the source code on May 15, 2023, about six weeks

16   after my claim construction order issued.  *See* Dkt. No. 85; *see also* Mot. at 5:5-6.  RNN Trust

17   continued to act diligently in the weeks and months that followed.  Two days after its expert began

18   reviewing the source code, RNN Trust demanded from Apple "technical reference manuals" and

19   other documents "describing the structure, function and operation of the produced source code

20   components."  Mot. at 5:9-14 (citing Ex. 4).  Thus began a back-and-forth between the parties over

21   the sought-after documents, which included a meet-and-confer and representations from Apple

22

23   _____

24   relate to the second patent at issue, U.S. Patent No. 9,635,544, and the three types of devices.  *See generally id.*, Exs. 22-24.

25   The parties have filed three motions to redact portions of the briefing and exhibits, and to seal
    certain exhibits. Dkt. Nos. 110, 114, 118.  The motions are GRANTED.  The parties' requests are
26   narrowly tailored, and compelling reasons exist for redacting and sealing these materials, which
    contain sensitive, confidential technical information about trade secrets.  *See Wisk Aero LLC v.*
27   *Archer Aviation Inc.*, No. 21-CV-02450-WHO, 2022 WL 5007912, at *6 (N.D. Cal. Oct. 4, 2022)
    (citing *In re Midland Nat'l Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir.
28   2021)).  To the extent that I reference any of that material in this Order, I have described it at a
    high level to avoid any disclosure.

3

1 | that there were no such records. *See id*. at 5:14-6:8 (citing Exs. 5-9). Although Apple produced

2 | three such documents among others on July 7, 2023, RNN Trust did not learn about their

3 | significance until the July 18 deposition of Erik Phillips, an Apple software engineer. *See id*. at

4 | 6:9-7:2.

5 |       Apple's argument that the basis for at least some of the proposed amendments could have

6 | been discovered earlier is unpersuasive. *See* Oppo. at 11:16-19, 12:17-13:4. Although publicly

7 | available sources and certain aspects of the source code may have provided some information at a

8 | high level, Apple overlooks details that, as alleged, were provided by RNN Trust's better

9 | understanding of the source code, which did not occur until after the technical documents were

10 | provided and the depositions occurred. It also appears that this RNN Trust might have discovered

11 | this information sooner had Apple conducted discovery differently.

12 |       RNN Trust was also diligent in seeking amendment. It filed this motion less than a month

13 | after the depositions took place and it realized the significance of the three documents in

14 | understanding Apple's source code. *See* Dkt. No. 111. A month-long delay does not represent a

15 | lack of due diligence, particularly when part of that time was spent seeking additional documents,

16 | and meeting and conferring with Apple regarding the proposed amendments. *See* Mot. at 1:9-11,

17 | 8:3-22; *see also Wisk*, 2022 WL 5007912, at *4 ("The two-month delay between discovering the

18 | basis and filing this motion was reasonable, especially in light of Wisk notifying Archer before

19 | filing.").

20 |       Turning to prejudice, Apple argues that allowing the contested amendments would

21 | "necessitate reopening fact discovery"—which closed on August 2, 2023—"to allow Apple to

22 | develop defenses to the newly accused processes" by finding and disclosing new witnesses with

23 | sufficient knowledge to testify about these processes, producing relevant documents, and

24 | supplementing its interrogatory processes. Oppo. at 13:14-15:17; *see also* Dkt. No. 102.

25 | According to Apple, "[t]he delay and expense of reopening discovery is yet another form of

26 | prejudice that Apple should not suffer." Oppo. at 15:15-16.

27 |       Although prejudice may be shown when there will be disruptions to the case schedule,

28 | reopening discovery and shifting these deadlines would affect both parties equally. *See*

United States District Court
Northern District of California

United States District Court
Northern District of California

1  *Synchronoss Techs.*, 2018 WL 5619743, at *5.  Apple would have additional discovery to

2  complete, but so would RNN Trust.  If anything, the workload would be less for Apple in that it

3  already has an internal understanding of the processes at issue, which RNN Trust does not.

4         RNN Trust has also plausibly tied its proposed amendments to its existing infringement

5  theories, at least in a manner that suffices at this point.  It is not unusual for a patentee to refine its

6  infringement theories after gaining access to nonpublic information such as source code.  *See*

7  *Wisk*, 2022 WL 5007912, at *3 ("[I]t is unrealistic that a patentee would have a precise sense of its

8  infringement theory at the outset, particularly where the patentee may not have been able to get

9  access to the necessary information because it is hidden from view (for example, source code).")

10  (citation and quotations omitted).  RNN Trust's proposed amendments seek to refine its

11  infringement theories based on the new information it gleaned about certain processes.  Apple may

12  ultimately be able to show that these processes are not related to or otherwise do not infringe upon

13  the patented technology at issue.  But that is an evidence-based question that will be answered

14  later.

15         In sum, RNN Trust has shown good cause to amend its infringement contentions.  Its

16  motion is GRANTED.  A Case Management Conference is scheduled for **September 19, 2023**, at

17  2:00 p.m. to discuss any resulting impacts to the case schedule.  A Joint Case Management

18  Statement is due by **September 12, 2023**.

19         **IT IS SO ORDERED.**

20  Dated: August 30, 2023



William H. Orrick
United States District Judge